1   Robert G. Hulteng, CA Bar No. 071293 *(pro hac vice)*
    Damon M. Ott, CA Bar No. 215392 *(pro hac vice)*
2   Danton W. Liang, CA Bar No. 303487 *(pro hac vice)*
    LITTLER MENDELSON, P.C.
3   333 Bush Street, 34th Floor
    San Francisco, CA  94104
4   Telephone:   415.433.1940
    Facsimile:    415.399.8490
5
    Peter C. Prynkiewicz, AZ Bar No. 015256
6   LITTLER MENDELSON, P.C.
    Camelback Esplanade
7   2425 East Camelback Road,  Suite 900
    Phoenix, AZ 85016
8   Telephone:   602.474.3600
    Facsimile:    602.957.1801
9
10  Attorneys for Defendant
    EXPRESS MESSENGER SYSTEMS, INC. DBA ONTRAC
11
12              UNITED STATES DISTRICT COURT
13       FOR THE DISTRICT OF ARIZONA (PHOENIX DIVISION)
14

15  Christerphor Ziglar, Leah Candelaria, and      Case No. 2:16-cv-02726-PHX-SRB
16  Maurice Meintzer, individually and on
    behalf of all others similarly situated,
17
                        Plaintiffs,              **DEFENDANT'S ANSWER TO**
18                                               **PLAINTIFFS' FIRST AMENDED**
    v.                                           **COMPLAINT**
19
20  Express Messenger Systems, Inc., a
    Delaware corporation, d/b/a OnTrac, ABC
21  Entities 1-20, and John and Jane Does 1-20
22                      Defendants.
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1    Defendant Express Messenger Systems, Inc. dba OnTrac ("Defendant"),
2   through the undersigned counsel, hereby responds to the November 4, 2016 Amended
3   Complaint filed by Plaintiffs Christerphor Ziglar, Leah Candelaria, and Maurice Meintzer
4   (collectively "Plaintiffs") in the above-captioned matter.  Defendant denies each and every
5   allegation in the Complaint except as expressly admitted by Defendant below.

6    1.    Defendant admits that Plaintiffs purport to bring this case on behalf of
7   themselves and others.  Defendant admits that it is a shipping and transportation logistics
8   company that specializes in the marketing, selling and arranging of regional shipping
9   services in the Western United States, including the state of Arizona, which it does in part by
10  brokering and contracting local and regional cartage – or "first and last mile" delivery
11  service – to duly authorized independent contractor motor carriers in a manner consistent
12  with that reviewed and approved by the California Superior Court and Court of Appeal in
13  *Cristler v. Express Messenger Systems, Inc.*, 172 Cal. App. 4th 72 (2009).  Defendant alleges
14  that Paragraph 1 states assertions or conclusions of law to which no response is required.  To
15  the extent a response is deemed necessary, Defendant denies the allegations set forth in
16  Paragraph 1 of the Complaint.

17   2.    Defendant admits that Plaintiffs purport to bring their collective claims
18  on behalf of a class of similarly situated drivers.  Defendant alleges that Paragraph 2 states
19  assertions or conclusions of law to which no response is required.  To the extent that a
20  response is deemed necessary, Defendant denies the allegations set forth in Paragraph 2 of
21  the Complaint.

22   3.    Defendant admits that Plaintiffs purport to bring this action on behalf of
23  a class of other similarly situated to remedy alleged violations of unlawful deductions, timely
24  payment of wages, and the Arizona Minimum Wage Law.  Unless otherwise expressly
25  admitted to, Defendant denies any and all other remaining allegations in Paragraph 3 of the
26  Complaint.

27
28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-1-

# I.     JURISDICTION AND VENUE

4.     Paragraph 4 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.     Defendant admits that Plaintiffs seek to recover wages, overtime wages, liquidated damages, attorneys' fees, and other statutory penalties resulting from violations of the FLSA for themselves as individuals and as a collective action on behalf of all current and former similarly-situated individuals.  Defendant denies that Defendant has violated the FLSA, or any other law, and denies that Plaintiffs or other individuals whom Plaintiffs purport to or seek to represent in this action are entitled to any relief sought in this action. Unless otherwise expressly admitted, Defendant denies any and all other remaining allegations in Paragraph 5 of the Complaint.

6.     Defendant admits that Plaintiffs seek to bring this action as a class action under Federal Rule of Civil Procedure 23 to recover unpaid and overtime wages, unlawful deductions, treble damages, attorneys' fees and any other damages and/or statutory penalties resulting from violations of the Arizona wage statutes.  Unless otherwise expressly admitted, Defendant denies any and all other remaining allegations in Paragraph 6 of the Complaint.

# II.    PARTIES

7.     Defendant admits that it is a shipping and transportation logistics company that specializes in the marketing, selling and arranging of regional shipping services in the Western United States, including the state of Arizona, which it does in part by brokering and contracting "first and last mile" delivery service to duly authorized motor carriers, sometimes referred to as Regional Service Providers or "RSPs", in a manner consistent with that reviewed and approved by the California Superior Court and Court of Appeal in *Cristler v. Express Messenger Systems, Inc.*, 172 Cal. App. 4th 72 (2009).  The RSPs to which Defendant brokers and contracts "first and last mile" delivery service are

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-2-

separately established enterprises that operate as independent contractors.  Defendant admits that Plaintiffs entered into a contractual arrangement with one or more of the RSPs to which it contracted "first and last mile" delivery service in Arizona, and that Plaintiffs performed contracted services for the RSP(s) as an owner-operator independent contractor, not as an employee of the RSP nor Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of the Complaint, including allegations relating to Plaintiff Christerphor Ziglar's current residence, and therefore Defendant denies all remaining allegations set forth in Paragraph 7 of the Complaint.

8.    Defendant admits that it is a shipping and transportation logistics company that specializes in the marketing, selling and arranging of regional shipping services in the Western United States, including the state of Arizona, which it does in part by brokering and contracting "first and last mile" delivery service to duly authorized motor carriers, sometimes referred to as Regional Service Providers or "RSPs", in a manner consistent with that reviewed and approved by the California Superior Court and Court of Appeal in *Cristler v. Express Messenger Systems, Inc.*, 172 Cal. App. 4th 72 (2009).  The RSPs to which Defendant brokers and contracts "first and last mile" delivery service are separately established enterprises that operate as independent contractors.  Defendant admits that Plaintiffs entered into a contractual arrangement with one or more of the RSPs to which it contracted "first and last mile" delivery service in Arizona, and that Plaintiffs performed contracted services for the RSP(s) as an owner-operator independent contractor, not as an employee of the RSP nor Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint, including allegations relating to Plaintiff Leah Candelaria's current residence, and therefore Defendant denies all remaining allegations set forth in Paragraph 8 of the Complaint.

9.    Defendant admits that it is a shipping and transportation logistics company that specializes in the marketing, selling and arranging of regional shipping

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-3-

services in the Western United States, including the state of Arizona, which it does in part by brokering and contracting "first and last mile" delivery service to duly authorized motor carriers, sometimes referred to as Regional Service Providers or "RSPs", in a manner consistent with that reviewed and approved by the California Superior Court and Court of Appeal in *Cristler v. Express Messenger Systems, Inc.*, 172 Cal. App. 4th 72 (2009).  The RSPs to which Defendant brokers and contracts "first and last mile" delivery service are separately established enterprises that operate as independent contractors.  Defendant admits that Plaintiffs entered into a contractual arrangement with one or more of the RSPs to which it contracted "first and last mile" delivery service in Arizona, and that Plaintiffs performed contracted services for the RSP(s) as an owner-operator independent contractor, not as an employee of the RSP nor Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint, including allegations relating to Plaintiff Maurice Meintzer's current residence, and therefore Defendant denies all remaining allegations set forth in Paragraph 9 of the Complaint.

10.     Defendant admits that it is a corporation domiciled in Delaware and registered and conducting business in Arizona.  Defendant admits that it does business under the name "OnTrac", and that its principal place of business is located in Chandler, Arizona.  Defendant admits that it is a shipping and transportation logistics company that specializes in the marketing, selling and arranging of regional shipping services in the Western United States, including the state of Arizona, which it does in part by brokering and contracting first and last mile delivery service to duly authorized motor carriers (RSPs).  Defendant admits that the RSPs to which it brokers and contracts first and last mile delivery service are separately established enterprises that operate as independent contractors.  Paragraph 10 states assertions or conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations set forth in Paragraph 10 of the Complaint, including denying that Defendant "employed" Plaintiffs and that Defendant is an "employer" under the FLSA for purposes of this case.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-4-

11. Paragraph 11 contains assertions, requests and conclusions of law that require no response. To the extent a response is deemed necessary, Defendant denies any and all allegations in Paragraph 11 of the Complaint.

**III.   FACTS**

12. Defendant admits that it is a shipping and transportation logistics company that specializes in the marketing, selling and arranging of regional shipping services in the Western United States, including the state of Arizona, which it does in part by brokering and contracting "first and last mile" delivery service to duly authorized motor carriers, sometimes referred to as Regional Service Providers or "RSPs", in a manner consistent with that reviewed and approved by the California Superior Court and Court of Appeal in *Cristler v. Express Messenger Systems, Inc.*, 172 Cal. App. 4th 72 (2009). The RSPs to which Defendant brokers and contracts "first and last mile" delivery service are separately established enterprises that operate as independent contractors. Defendant admits that it does business in Arizona, California, Nevada, Oregon, Washington, Utah, Colorado, and Idaho. Unless otherwise expressly admitted, Defendant denies any and all other remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits that it contracts "first and last mile" delivery service to duly authorized motor carriers, sometimes referred to as Regional Service Providers or "RSPs", which are separately established enterprises that operate as independent contractors in relation to Defendant. Defendant further admits that the RSPs to which it contracts "first and last mile" delivery service have the contractual right and obligation to determine how to perform the contracted service, including whether to subcontract the service to independent contractor motor carriers or to perform the service directly using employee labor. Unless otherwise expressly admitted, Defendant denies any and all other remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits that it contracts "first and last mile" delivery service

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

to duly authorized motor carriers, sometimes referred to as Regional Service Providers or "RSPs", which are separately established enterprises that operate as independent contractors. Defendant further admits that the RSPs to which it contracts "first and last mile" delivery service have the contractual right and obligation to determine how to perform the contracted service, including whether to subcontract the service to independent contractor motor carriers or to perform the service directly using employee labor.  Defendant admits that RSPs that utilize independent contractors to perform the "first and last mile" delivery service awarded by Defendant enter into written agreements to memorialize, *inter alia*, the independent contractor nature of the relationship between the RSP and subcontractor.  The remainder of Paragraph 15 avers legal assertions and conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies any and all other remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-6-

24.     Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendant admits that it tenders cargo to RSPs at facilities Defendant operates for this purpose, and that Defendant's personnel place the cargo on loading docks to be retrieved by the RSP's personnel and/or subcontractors.  Defendant further admits that, with each load tendered, it provides a manifest identifying the cargo being tendered, including the weight, and the name and address of the consignee.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-7-

36.     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies any and all allegations set forth in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of certain of the allegations in Paragraph 39 of the Complaint, and therefore denies any and all allegations set forth in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of certain of the allegations in Paragraph 41 of the Complaint, and therefore denies any and all allegations set forth in Paragraph 41 of the Complaint

42.     Paragraph 42 of the Complaint is comprised solely of argument and conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant denies any and all allegations set forth in Paragraph 42 of the Complaint.

## IV.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

43.     Defendant admits that Plaintiffs purport to bring this action as a "class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all drivers who delivered packages for Defendant in Arizona and have been designated as 'independent contractors' during or at any time following the 12-month period" preceding the filing of Plaintiffs' Complaint.  Defendant denies that class treatment would be appropriate, and denies that Plaintiffs and any other individuals whom Plaintiffs purport to or seek to represent are entitled to any relief sought in this action.  Unless otherwise expressly admitted, Defendant denies any and all factual allegations set forth in Paragraph 43 of the Complaint.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-8-

44. Paragraph 44 of the Complaint contains only argument and conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant denies all allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiffs purport to bring this action as a "collective action under 29 U.S.C. § 216(b) on behalf of any drivers who delivered packages for OnTrac within the last three years who may choose to 'opt-in' to this case." Defendant denies that Defendant has violated the FLSA, or any other law, and denies that Plaintiffs or any other individuals whom Plaintiffs purport to or seek to represent in this action are entitled to any relief sought in this action. Unless otherwise expressly admitted, Defendant denies any and all factual allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-9-

## V.    COUNT I (VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. § 201 ET SEQ. – OVERTIME)

54.    Defendant reasserts and incorporates herein by reference the above answers to the preceding Paragraphs of the Complaint, as if fully restated herein.

55.    Paragraph 55 of the Complaint sets forth a statement of law to which no response is required.

56.    Paragraph 56 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the same Paragraph.

57.    Paragraph 57 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the same Paragraph.

58.    Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.    Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

## VI.    COUNT II (VIOLATION OF FLSA, 29 U.S.C. § 201 ET SEQ. – MINIMUM WAGE)

63.    Defendant reasserts and incorporates herein by reference the above answers to the preceding Paragraphs of the Complaint as if fully restated herein.

64.    Paragraph 64 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-10-

necessary, Defendant denies all allegations set forth in the Paragraph.

65.     Paragraph 65 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the Paragraph.

66.     Paragraph 66 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the Paragraph.

67.     Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

## VII.   COUNT III (VIOLATION OF ARIZONA WAGE LAWS, ARIZ. REV. STAT. § 23-351 ET SEQ.)

72.     Defendant reasserts and incorporates by reference the above answers to the preceding Paragraphs of the Complaint as if fully restated herein.

73.     Paragraph 73 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the Paragraph.

74.     Paragraph 74 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the Paragraph.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-11-

75.     Paragraph 75 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the Paragraph.

76.     Paragraph 76 of the Complaint contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant denies all allegations set forth in the Paragraph.

77.     Defendant admits that in 2015 the Arizona minimum hourly wage was $8.05 per hour and that it currently remains at $8.05 per hour for 2016.

78.     Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

**VIII.   COUNT IV (RESTITUTION/UNJUST ENRICHMENT)**

80.     Defendant reasserts and incorporates by reference the above answers to the preceding Paragraphs of the Complaint as if fully restated herein.

81.     Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

**IX.     COUNT V (RESTITUTION/UNJUST ENRICHMENT)**

85.     Defendant reasserts and incorporates by reference the above answers to the preceding Paragraphs of the Complaint as if fully restated herein.

86.     Paragraph 86 contains only argument and conclusions of law to which no response is required; to the extent a response is nonetheless deemed necessary, Defendant

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-12-

1  denies all allegations set forth in the Paragraph.  Defendant denies the allegations set forth in

2  Paragraph 86 of the Complaint.

3        87.    Defendant denies the allegations set forth in Paragraph 87 of the

4  Complaint.

5        88.    Defendant denies the allegations set forth in Paragraph 88 of the

6  Complaint.

7  **X.    PRAYER FOR RELIEF**

8        89.    Defendant denies that Plaintiffs, individually and on behalf of any and

9  all other individuals whom Plaintiffs purport to or seek to represent in this action, are entitled

10  to the requested relief sought in their Prayer for Relief, including subparagraphs "a" – "j," or

11  any other relief whatsoever.  Defendant further denies any and all remaining allegations in

12  the Prayer for Relief.  To the extent that any of the foregoing allegations in the Complaint

13  have not been expressly admitted or denied, they are hereby denied.

14  **XI.    AFFIRMATIVE AND OTHER DEFENSES**

15      In further answer to the Complaint, and as separate and affirmative defenses

16  Defendant alleges the following defenses.  In asserting these defenses, Defendant does not

17  assume the burden of proof as to matters that, as a matter of law, are Plaintiffs' burden to

18  prove.

19  **FIRST AFFIRMATIVE DEFENSE**

20      As a separate and distinct defense, Defendant alleges that the claims averred in

21  Plaintiffs' Complaint are barred in whole or in part by the applicable statute of limitations.

22  **SECOND AFFIRMATIVE DEFENSE**

23      As a separate and distinct defense, Defendant alleges that the claims averred in

24  Plaintiffs' Complaint fail in whole or in part because Plaintiffs have failed to exhaust all

25  contractual and/or administrative remedies and/or failed to comply with any and all

26  statutorily mandated requirements prior to initiating a lawsuit or bringing a claim of the types

27  brought in this lawsuit.

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-13-

**THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that at all material times, it acted in accordance with a good faith belief that its actions complied with or were exempted from application of all statutes, laws, and regulations Plaintiffs allege Defendant violated in the Complaint.  Accordingly, Defendant did not willfully violate any statute, law or regulation at issue in this case, including the Fair Labor Standards Act or the Arizona Wage Laws (Ariz. Rev. Stat. §§23-351 *et seq.*).  Plaintiffs and the individuals they purport to represent are, therefore, unentitled to statutory penalties or any other damages that are punitive or exemplary in nature, and, further, a two year statute of limitations must be applied with respect to the claims brought under the FLSA.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that at all material times, it exercised reasonable care to prevent and, if applicable, promptly correct any alleged violation of law, and that Plaintiffs and the individuals they purport to represent unreasonably failed to take advantage of the preventive and corrective opportunities provided by it or other reasonable steps available to avoid harm.  Accordingly, Plaintiffs and the individuals they purport to represent are barred from recovering for all or some of the acts alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that Plaintiffs and/or the individuals they purport to represent have failed, in whole or in part, to properly mitigate their alleged damages, if any, or alternatively, have no damages.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that, even assuming, *arguendo*, the existence of an employment relationship, Plaintiffs' wage claims fail because they and/or the individuals they purport to represent are exempt from overtime and other wage payment requirements pursuant to federal and state law, including, *inter alia*, the Motor Carrier Exemption, Title 26 of the Federal Motor Carrier Safety Act ("FMCSA"), 49

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-14-

U.S.C. § 31141 and its implementing regulations.   Consequently, Plaintiffs and the individuals they purport to represent are exempt from the requirements of the state and federal laws Plaintiffs allege Defendant violated, including, *inter alia*, the Fair Labor Standards Act and the Arizona Wage Laws (Ariz. Rev. Stat. §§23-351 *et seq.*), or any other similar law or regulation, and are therefore not entitled to any overtime pay or related penalties or damages for such periods.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that the claims alleged in the Complaint are barred by the equitable doctrines of waiver, estoppel, laches, consent, and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that even if Plaintiffs and/or the individuals they purport to represent suffered injuries or damages as alleged, which Defendant denies, their claims for relief are barred because such damages are the result of their own conduct or the conduct of other individuals or entities besides Defendant.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that any award to Plaintiffs and/or the putative class members must be offset by the value of monies and/or benefits Defendant paid to Plaintiffs and/or the putative class members that were not owed.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that Plaintiffs and the individuals they purport to represent fail to satisfy the requirements for class treatment under Rule 23 of the Federal Rules of Civil Procedure and/or under any state law or regulation governing class treatment, and further fail to satisfy requirements for maintenance of a collective action under 29 U.S.C. §216(b), including, *inter alia*, the requirement that Plaintiffs be proper class representatives.  Therefore, this action may not be maintained as a class or collective action, and Plaintiffs cannot sue as a representative party.

LITTLER MENDELSON, P.C.
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-15-

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that certification of a class or collective action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's Due Process rights, both substantive and procedural, in violation of the Arizona State Constitution and the Fourteenth Amendment to the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, on the grounds that such claims would impose excessive fines and penalties barred by the Arizona and federal Constitutions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that Plaintiffs' prayer for injunctive relief is barred because Plaintiffs' alleged employment relationship/misclassification ended prior to the filing of the Complaint and, therefore, Plaintiff lacks standing to request such relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that Plaintiffs' claims fail because they are predicated on violations of statutes preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. section 14501, *et. seq.* (the "FAAAA"), because, as applied to Plaintiffs, they improperly regulate and control the rates, routes and/or services of intrastate motor carriers and interfere with the competitive market forces within the industry.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct defense, Defendant alleges that the causes of action alleged in Plaintiffs' Complaint are subject to binding arbitration and, therefore, this Court

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

-16-

1    lacks jurisdiction over Plaintiffs' purported claims.

2    **SEVENTEENTH AFFIRMATIVE DEFENSE**

3    As a separate and distinct defense, Defendant alleges that Plaintiffs' claims for
4    penalties are barred, in whole or in part, on the grounds that, at all times alleged herein.
5    Defendant acted in good faith, with a reasonable basis for so acting, including, without
6    limitation, in accordance with prior administrative and judicial determinations regarding the
7    independent contractor status of the putative class members.

8    **EIGHTEENTH AFFIRMATIVE DEFENSE**

9    As a separate and distinct defense, Defendant alleges that Plaintiffs' request for
10   injunctive and/or declaratory relief is barred, in whole or in part, on the grounds that
11   Plaintiffs no longer contracts with, nor performs services in any capacity for or on behalf of
12   Defendant or its customers.

13   **NINETEENTH AFFIRMATIVE DEFENSE**

14   As a separate and distinct defense, Defendant alleges that Plaintiffs are
15   inadequate class representatives because, *inter alia*, their interests conflict with those of the
16   putative class members and they performed services to different contractual terms than the
17   putative class members.

18   **TWENTIETH AFFIRMATIVE DEFENSE**

19   As a separate and distinct defense, Defendant alleges that Plaintiffs' claims are
20   barred, in whole or in part, on the grounds of *res judicata*.

21   **XII.    RESERVATION OF ADDITIONAL AFFIRMATIVE AND OTHER**
22   **DEFENSES**

23   Defendant does not presently know all facts with respect to the conduct alleged
24   by Plaintiffs sufficient to state all affirmative and other defenses at this time.  Defendant
25   therefore reserves the right to amend this Answer should Defendant later discover facts
26   demonstrating the existence of an additional affirmative or other defense.

27   **WHEREFORE**, Defendant Express Messenger Systems, Inc. dba OnTrac
28   prays that:

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-17-

1.    The Amended Complaint be dismissed in its entirety with prejudice and Plaintiffs take nothing by their Amended Complaint;

2.    Judgment be entered against Plaintiffs and in favor of Defendant;

3.    Defendant be awarded its costs of suit and attorneys' fees incurred in this action, as provided by law and/or contract; and

4.    The Court award Defendant such other and further relief as it deems appropriate.

RESPECTFULLY SUBMITTED this 22nd day of November 2016.


            /s/ Damon M. Ott
            Peter C. Prynkiewicz
            Robert G. Hulteng
            Damon M. Ott
            Danton W. Liang
            LITTLER MENDELSON, P.C.
            Attorneys for Defendant
            Express Messenger Systems, Inc. dba OnTrac

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 22nd day of November 2016:

/s/Olivia Pearl Azevedo

Firmwide:144019873.1 023721.1144

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

-18-